IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TREMAINE STEWART, | : | MOTION TO VACATE |
| Reg. No. 60076-019, | : | 28 U.S.C. § 2255 |
|    Movant, | : | |
| | : | CRIMINAL NO. |
| v. | : | 1:08-CR-164-LMM-GGB-1 |
| | : | |
| UNITED STATES OF AMERICA, | : | CIVIL ACTION NO. |
|    Respondent. | : | 1:15-CV-3177-LMM-GGB |

**FINAL REPORT AND RECOMMENDATION**

Movant, Tremaine Stewart, confined in the Yazoo City Low Federal Correctional Institution in Yazoo City, Mississippi, submitted a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody ("motion to vacate"). [Doc. 69]. The motion to vacate is presently before me for preliminary review under Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts. For the reasons discussed below, I recommend that the motion to vacate be dismissed as untimely.

I.   Discussion

On December 9, 2008, Movant pleaded guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) & 924(e)(1). [Doc. 45]. On February 18, 2009, the District Court sentenced Movant to 180 months of imprisonment followed by five years of supervised release. [Doc. 48]. Movant

appealed, and the United States Court of Appeals for the Eleventh Circuit affirmed on November 5, 2009. *See United States v. Stewart*, 352 F. App'x 322 (11th Cir. 2009) (per curiam). [Doc. 67]. On May 19, 2015, Movant executed a power of attorney form in which he appointed Flora Richardson to act on his behalf. [Doc. 69 at 13]. Richardson, who states that she is Movant's mother, executed the motion to vacate on Movant's behalf on September 9, 2015. [*Id.* at 12].

Summary dismissal of a motion to vacate is proper "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . . ." 28 U.S.C. foll. § 2255, Rule 4(b). A motion to vacate is subject to the one-year statute of limitations provided by 28 U.S.C. § 2255(f). The one-year period runs from the latest of the dates on which (1) Movant's conviction became final; (2) a Government impediment to making the motion to vacate was removed; (3) a right that Movant asserts was initially recognized by the United States Supreme Court, if the right has been newly recognized and made retroactively applicable to cases on collateral review; or (4) Movant, with due diligence, could have discovered the facts supporting his claims. *See* 28 U.S.C. § 2255(f)(1)-(4).

Under § 2255(f)(1), the Eleventh Circuit affirmed Movant's conviction on November 5, 2009, and the conviction became final on February 3, 2010, upon the

expiration of the ninety-day period in which to seek a writ of certiorari in the United States Supreme Court.  *See* Sup. Ct. R. 13.1; *Clay v. United States*, 537 U.S. 522, 525 (2003).  Therefore, the one-year statute of limitations in § 2255(f)(1) expired for Movant on February 3, 2011,[1] which was more than four and one-half years before he executed his motion to vacate on September 9, 2015.  [Doc. 69 at 12].  Movant does not indicate that the circumstances set forth in § 2255(f)(2) and (4) apply to him.

Movant suggests that § 2255(f)(3) applies to him because his sole ground for relief is based on *Johnson v. United States*, 135 S. Ct. 2551 (2015), which was decided on June 26, 2015.  [Doc. 69 at 4, 11].  In *Johnson*, the United States Supreme Court held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act [(ACCA), 18 U.S.C. § 924(e)(2)(B)(ii), which concerns violent felonies,] violates the Constitution's guarantee of due process." *Johnson*, 135 S. Ct. at 2563.  Movant was sentenced under the ACCA, but not under its residual clause concerning violent felonies.  As specified in Movant's indictment, all of his previous convictions were for drug offenses, not violent

---

[1] The one-year period is calculated using the "anniversary method, under which the limitations period expires on the anniversary of the date it began to run." *Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008) (internal quotation marks omitted).

3

felonies. [Doc. 2 at 1-2]. Thus, Movant's sentence was based on 18 U.S.C. § 924(e)(2)(A), which concerns drug offenses, rather than § 924(e)(2)(B)(ii), and *Johnson* does not apply to him. Furthermore, the Eleventh Circuit has decided that *Johnson* "did not establish a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court . . . ." *In re Rivero*, No. 15-13089-C, 2015 WL 4747749 at *1 (11th Cir. Aug. 12, 2015) (per curiam). I conclude that § 2255(f)(3) does not apply to Movant.

Movant does not present anything to (1) justify equitable tolling,[2] or (2) demonstrate actual innocence.[3] Therefore, the motion to vacate should be dismissed as untimely.

---

[2] "Equitable tolling is appropriate when a [movant] untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam).

[3] "Actual innocence is not itself a substantive claim, but rather serves only to lift the procedural bar caused by [a movant's] failure timely to file [a] § 2255 motion." *United States v. Montano*, 398 F.3d 1276, 1284 (11th Cir. 2005) (per curiam). To demonstrate actual innocence, a movant must "support his allegations of constitutional error with new reliable evidence . . . that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). A movant "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* at 327.

4

II.        <u>Certificate of Appealability (COA)</u>

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . .  If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the [motion to vacate] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

> When the district court denies a [motion to vacate] on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (citing *Slack*, 529 U.S. at 484) (internal quotation marks omitted).

5

A COA should be denied because it is not debatable that the motion to vacate is untimely. If the Court adopts this recommendation and denies a COA, Movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." 28 U.S.C. foll. § 2255, Rule 11(a).

III. Conclusion

Based on the foregoing, I **RECOMMEND** that the motion to vacate [Doc. 69] be **DISMISSED** as untimely and a certificate of appealability be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral of the motion to vacate to me.

**IT IS SO RECOMMENDED**, this 21st day of September, 2015.

*Gerrilyn G. Brill*
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)