IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TREMAINE STEWART,
Reg. No. 60076-019,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.

CRIMINAL ACTION NO.
1:08-CR-164-LMM-GGB-1

CIVIL ACTION NO.
1:15-CV-3177-LMM

## ORDER

This matter is before the Court on Movant's 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence, Dkt. No. [69]; the Magistrate Judge's Final Report and Recommendation ("R&R"), Dkt. No. [70]; and Movant's document titled "Appeal," which the Clerk has construed as objections, Dkt. No. [72]. The Magistrate Judge recommends that the motion to vacate be dismissed as untimely and a certificate of appealability be denied. (Dkt. No. [70] at 6.)

The district court must "make a de novo determination of those portions of the [R&R] to which objection is made" and "may accept, reject, or modify [the R&R], in whole or in part . . . ." 28 U.S.C. § 636(b)(1)(C). "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72, advisory committee note, 1983 Addition, Subdivision (b).

AO 72A
(Rev.8/82)

In his objections, Movant argues that his motion to vacate is timely under 28 U.S.C. § 2255(f)(3). (Dkt. No. [72] at 1-2.) Section 2255(f)(3) provides for a one-year statute of limitations running from the date on which the United States Supreme Court initially recognized a new right that is retroactively applicable to cases on collateral review. Movant contends that such a right is found in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which was decided less than three months before he executed his motion to vacate.

As the Magistrate Judge explained, *Johnson* invalidates the residual clause of the Armed Career Criminal Act (ACCA), which is part of 18 U.S.C. § 924(e)(2)(B)(ii) and concerns violent felonies. (Dkt. No. [70] at 3-4.) Movant was not sentenced under the residual clause. Instead, Movant was sentenced under § 924(e)(1) and § 924(e)(2)(A), based on his previous drug offenses. Movant incorrectly suggests that the residual clause is part of § 924(e)(1). (Dkt. No. [72] at 2.) The Court concludes that *Johnson* does not apply to Movant, and thus he cannot use § 2255(f)(3) to establish timeliness.

Accordingly, Movant's construed objections, Dkt. No. [72], are **OVERRULED**; the Magistrate Judge's R&R, Dkt. No. [70], is **ADOPTED** as the opinion of the Court; the motion to vacate, Dkt. No. [69], is **DISMISSED** as untimely; and a certificate of appealability is **DENIED**.

The Clerk is **DIRECTED** to close civil action number 1:15-CV-3177-LMM.

AO 72A
(Rev.8/82)

**IT IS SO ORDERED** this 13th day of October, 2015.

_____
LEIGH MARTIN MAY
UNITED STATES DISTRICT JUDGE